UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                               Case No.: 8:04-cr-327-VMC-NHA

EFRAIN RODRIGUEZ-CANDELARIA
_____/

**ORDER**

This cause comes before the Court pursuant to Defendant Efrain Rodriguez-Candelaria's Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A) and U.S.S.G. § 1B1.13(b)(6) (Doc. # 298), filed on August 6, 2024. The United States of America responded on August 20, 2024. (Doc. # 301). Mr. Rodriguez-Candelaria replied on August 30, 2024, and filed a supplemental notice on May 8, 2025. (Doc. ## 305; 310). For the reasons set forth below, the Motion is denied.

**I.   Background**

On August 3, 2005, District Judge William J. Castagna sentenced Mr. Rodriguez-Candelaria to a 420-month term of imprisonment. (Doc. # 110). Mr. Rodriguez-Candelaria was found guilty following a bench trial of conspiracy to possess with intent to distribute cocaine, in violation of

1

21 U.S.C. §§ 846 and 841(b)(1)(A)(ii); possession of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. §§ 924(c)(1)(A); and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g). (Doc. ## 12; 96). Mr. Rodriguez-Candelaria is 51 years old and is projected to be released on June 21, 2034.[1]

Mr. Rodriguez-Candelaria seeks compassionate release from prison under Section 3582(c)(1)(A) and U.S.S.G. § 1B1.13(b)(6). He argues compassionate release is appropriate because the underlying conviction would no longer qualify for career offender designation; therefore, he argues that the sentence he would receive today would be shorter than the sentence he received at sentencing. (Doc. # 298 at 6). Mr. Rodriguez-Candelaria also notes his rehabilitation efforts including the completion of his GED, his work in a UNICOR job since 2013, and his close relation to his family members who plan to house him upon his release. (Id. at 3-4).

The United States has responded (Doc. # 301), and Mr. Rodriguez-Candelaria has replied and filed a supplemental

---

[1] This information was obtained using the Bureau of Prisons' online inmate locator. See https://www.bop.gov/inmateloc/.

2

notice. (Doc. ## 305; 310). The Motion is now ripe for review.

## II.  Discussion

The United States argues Mr. Rodriguez-Candelaria's Motion should be denied for the following reasons: (1) he has not established an extraordinary and compelling reason for compassionate release, (2) he is a danger to others and the community, and (3) the Section 3553(a) factors weigh against his release. (Doc. # 301).

"The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." United States v. Phillips, 597 F.3d 1190, 1194-95 (11th Cir. 2010). Under the First Step Act of 2018, a district court may reduce a previously imposed term of imprisonment. United States v. Jones, 962 F.3d 1290, 1297 (11th Cir. 2020). When the exhaustion requirement is satisfied, a district court may reduce a prisoner's term of imprisonment after considering the 18 U.S.C. § 3553(a) factors, if it finds that extraordinary and compelling reasons warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The defendant has the burden of showing that his circumstances warrant a sentence reduction. United States v. Alonge, No. 21-13566, 2022 WL 1135533, at *1 (11th Cir. Apr. 18, 2022).

Mr. Rodriguez-Candelaria has exhausted his administrative remedies. More than 30 days have passed since the BOP's receipt of his original application for sentence reduction on November 21, 2023 (Doc. # 298-9), and the Warden denied the application on November 28, 2023. (Doc. # 298-9).

Under U.S.S.G. § 1B1.13, there are six extraordinary and compelling reasons justifying release: "(1) the defendant's medical circumstances, (2) advanced age, (3) family circumstances, (4) whether the defendant is a victim of abuse, (5) 'other reasons,' and (6) whether the defendant received an unusually long sentence." U.S. v. Allen, 717 F. Supp. 3d 1308, 1312 (N.D. Ga. 2024). In his Motion, Mr. Rodriguez-Candelaria relies on the "unusually long sentence" category within U.S.S.G. § 1B1.13 and argues that under current law he would not receive the career offender enhancement, resulting in a lower sentence today in his case. (Doc. # 298 at 1).

Since Mr. Rodriguez-Candelaria's sentencing, the Eleventh Circuit has found that an inchoate crime such as a conspiracy is not a "controlled substance offense." United States v. Dupree, 57 F.4th 1269, 1277-78 (11th Cir. 2023). Mr. Rodriguez-Candelaria claims that the resulting

4

guidelines range would have been 210 to 262 months, rather than the guidelines range at the time of sentencing of 360 months to life. (Doc. # 298 at 2-3). Mr. Rodriguez-Candelaria further argues that without the career offender enhancement, he is eligible for relief under Amendment 782 to U.S.S.G. § 2D1.1, reducing his total offense level to thirty and subsequently reducing the guidelines range to 168 to 210 months, followed by a consecutive five years for the violation of 18 U.S.C. §§ 924(c)(1)(A). (Doc. # 298 at 8).

The Court disagrees with the assumption that Mr. Rodriguez-Candelaria would have been sentenced to 168 to 210 months, followed by a consecutive term of five years. Mr. Rodriguez-Candelaria had an extensive violent and drug-related criminal history that resulted in a criminal history category of VI. (Doc. # 301 at 20). Mr. Rodriguez-Candelaria was sentenced to a 420-month term of imprisonment because that was the sentence deemed appropriate by Judge Castagna. (Doc. # 110). Today, the Court could, in its discretion, find that the same sentence is appropriate based upon Mr. Rodriguez-Candelaria's extensive criminal history.

Even if Mr. Rodriguez-Candelaria could establish an extraordinary and compelling reason for release, compassionate release would not be granted. To grant compassionate release, the Court must determine that the defendant is not a danger to any other person or the community and that the 18 U.S.C. § 3553(a) factors support compassionate release. Under Section 3553(a), the Court must impose a sentence that, among other things, reflects the seriousness of the offense and protects the public.

The Court agrees with the United States that Mr. Rodriguez-Candelaria's violent and drug-related criminal history including "trafficking in heroin, possession of heroin with intent to sell, domestic violence battery, trespassing, loitering and prowling, vehicle theft, possession of altered VIN numbers, operating a chop shop, grand theft, two battery convictions, criminal mischief, interfering with railroad equipment, solicitation of prostitution, and numerous driving offenses," weighs against his release. (Doc. # 301 at 2, 20). Furthermore, the Court notes the seriousness of Mr. Rodriguez-Candelaria's offense which involved a criminal conspiracy with intent to sell illegal drugs procured in the violent armed robbery of a stash house. (Id. at 2). Mr. Rodriguez-

6

Candelaria has served around sixty percent of his sentence for this crime, which does not reflect the seriousness of the crime nor provides sufficient deterrence for future crimes of this nature. (Doc. # 301-1).

Thus, the Section 3553(a) factors weigh against compassionate release. While the Court appreciates Mr. Rodriguez-Candelaria's rehabilitation efforts and participation in work and educational programs, these efforts do not alter the Court's finding that Mr. Rodriguez-Candelaria is a danger to the community, and the need to protect the public, promote respect for the law, and deter future crimes weigh against his release at this time.

Therefore, the Motion is denied.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Efrain Rodriguez-Candelaria's Motion for Compassionate Release (Doc. # 68) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 22nd day of May, 2025.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

7